

**FILED**
JUL 24 2017
Clerk, U S District Court
District Of Montana
Billings

CHAD C. SPRAKER
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front St., Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
Fax:   (406) 457-5130
Email: chad.spraker@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAY NASH,<br><br>Defendant. | CR 17-55-GF-BMM<br><br>INDICTMENT<br><br>WIRE FRAUD<br>(Count I)<br>Title 18 U.S.C. § 1343<br>(Penalty: 20 years imprisonment, $250,000 fine, and three years supervised release)<br><br>MONEY LAUNDERING<br>(Count II)<br>Title 18 U.S.C. § 1957<br>(Penalty: 10 years imprisonment, $250,000 fine, and three years supervised release)<br><br>STRUCTURING TRANSACTIONS TO EVADE REPORTING REQUIREMENT<br>(Counts III and IV)<br>31 U.S.C. § 5324(a)(1)<br>(Penalty: 5 years imprisonment, $250,000 fine, and three years supervised release) |

THE GRAND JURY CHARGES:

1

## COUNT I
## (Wire Fraud)

### Scheme to Defraud

1.  From in or about 2010 through in or about 2015, the defendant, JAY NASH, in the District of Montana and elsewhere, including Arizona, devised and intended to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### Manner and Means

It was part of the scheme that:

2.  NASH would solicit money from individuals based upon the pretense that the money would be invested with NASH and repaid to the individuals with a specified interest rate. NASH would then provide interest payments to the individuals to lull them into a false sense of security before ceasing any payments of interest or principal.

3.  NASH would solicit money from individuals based upon the pretense that NASH would use the money in various business ventures when in fact NASH would spend the individuals' funds for purposes unrelated to the promised business ventures.

4.  NASH would promise individuals that their investment would be secured by a mortgage on property serving as collateral for the investment and then

fail to record the mortgage. NASH would also obtain additional mortgages against the property and sell the property without remitting the sale proceeds to the individuals.

5. NASH would promise individuals that NASH would contribute a specified amount of capital to the business ventures and then fail to do so. NASH would also issue a check drawn upon insufficient funds for the ventures.

6. NASH, in an attempt to lull individuals into a false sense of security, would promise to repay individuals for their investments through alternative means and then fail to remit any funds or provide any property to the individuals.

## Execution of the Scheme

7. On or about July 31, 2012, in the District of Montana and elsewhere, JAY NASH, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce a $246,763.57 transfer from Mann Mortgage, which cleared through the Federal Reserve Bank of Minneapolis.

All in violation of 18 U.S.C. § 1343.

## COUNT II
(Money Laundering)

8. Paragraphs 1-7 are re-alleged and incorporated by reference as though fully set forth herein.

9. On or about July 31, 2012, in the District of Montana and elsewhere, the defendant, JAY NASH, knowingly engaged in a monetary transaction in criminally derived property of a value greater than $10,000, that is, a $47,823.26 deposit (check number 6926) from a specified unlawful activity of wire fraud (18 U.S.C. § 1343).

All in violation of 18 U.S.C. § 1957.

## COUNT III
(Structuring Transactions to Evade Reporting Requirement)

10. On or about August 1, 2012, in the District of Montana, the defendant, JAY NASH, knowingly and for the purpose of evading the reporting requirements established under 31 U.S.C. § 5313(a), and the regulations promulgated thereunder, did cause and attempt to cause a domestic financial institution to fail to file a report required under 31 U.S.C. § 5313(a) and any regulation prescribed under any such section, by making cash withdrawals at Mountain West Bank in the following amounts:

| Branch | Amount |
| --- | --- |
| 2828 10th Ave S., Great Falls, MT | $6000 |
| 12 3rd St NW, Great Falls, MT | $3600 |
| 2828 10th Ave S., Great Falls, MT | $3000 |

All in violation of 31 U.S.C. § 5324(a)(1).

## COUNT IV
(Structuring Transactions to Evade Reporting Requirement)

11. On or about August 2, 2012, in the District of Montana, the defendant, JAY NASH, knowingly and for the purpose of evading the reporting requirements established under 31 U.S.C. § 5313(a), and the regulations promulgated thereunder, did cause and attempt to cause a domestic financial institution to fail to file a report required under 31 U.S.C. § 5313(a) and any regulation prescribed under any such section, by making cash withdrawals at Mountain West Bank in the following amounts:

| Branch | Amount |
| --- | --- |
| 2828 10th Ave S., Great Falls, MT | $7000 |
| 2828 10th Ave S., Great Falls, MT | $6000 |

All in violation of 31 U.S.C. § 5324(a)(1).

A TRUE BILL.

Foreperson signature redacted. Original document filed under seal.

FOREPERSON

LEIF M. JOHNSON
Acting United States Attorney

(For) JOSEPH E. THAGGARD
Criminal Chief Assistant U.S. Attorney

Crim. Summons _____
Warrant: X
Bail: none

5